Gingrass, Respondent, vs. Harvey, Appellant.

*November 26—December 13, 1907.*

*Fires: Negligence: Contributory negligence: Questions for jury: Appeal and error: Harmless error: Reversal: Refusal of requested instructions: Burden of proof.*

1. In an action for negligent use of a threshing engine it appeared, among other things, that the risk was special in that there was extra hazard caused by a defective spark-arrester, which was known to the defendant but not known to the plaintiff, and was a risk not liable to attract the plaintiff's attention. *Held*, that the trial court did not err in submitting the question of plaintiff's contributory negligence to the jury.

2. Where no point is made on appeal, nor could well be made, but that the answers given to questions of a special verdict were required by the evidence, it is not prejudicial error to have refused instructions to the jury on the question of the burden of proof.

3. Harmless errors however numerous do not furnish any legitimate basis for reversal.

APPEAL from a judgment of the circuit court for Florence county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

Action to recover damages alleged to have been caused by negligence on the part of defendant.

Defendant, under contract to thresh plaintiff's grain stored in a barn, set his machine at the north middle door and the engine to the west about sixty feet therefrom and forty feet from the northwest corner of the barn. There were spaces of considerable width between the boards of the barn against and in which lay unthreshed grain. On Wednesday, in the absence of plaintiff, the machine was placed ready for work. The wind was then in the northeast. There was such delay on account of rain and necessity to repair the separator that no threshing was done after a short run till Saturday morning, when work was resumed, the wind then being in the northwest and blowing steadily with considerable velocity. In about an hour after operations commenced, fire was started in the corner of the barn nearest to the engine which consumed the structure, its contents and connections.

The pleadings raised the issues covered by the special verdict, which were as follows in substance: (1) Fire was caused by sparks from the engine. (2) Defendant was negligent in not providing a proper spark-arrester. (3) Said negligence was the proximate cause of the fire. (4) Plaintiff was not guilty of contributory negligence. (5) Plaintiff was damaged in the sum of $750. Judgment was rendered in plaintiff's favor on the verdict.

For the appellant there was a brief by *Eastman & Martineau,* attorneys, and *Cook & Pelham,* of counsel, and oral argument by *H. N. Pelham.*

For the respondent the cause was submitted on the brief of *Max Sells* and *A. W. Shelton.*

MARSHALL, J. As we understand the position of counsel for appellant there is no question but that the findings are

all supported by the evidence, except the one on the subject of contributory negligence. There are four assignments of error, three of which depend on whether the evidence established such negligence as matter of law.

Appellant relies to support the three assignments mentioned on *Martin v. Bishop,* 59 Wis. 417, 18 N. W. 337, and *Drevis v. Woods,* 71 Wis. 329, 37 N. W. 256. We shall not, to any great extent, analyze those cases. They do not seem to be controlling. In the first no negligence was claimed on the part of the defendant, except that of operating the engine near grain stacks on a very hot dry day with the wind blowing very hard toward the stacks from the direction of the engine. The circumstances were such that the stacks caught fire in a few seconds after the engine was started. The jury found that plaintiff knew it was dangerous to operate the engine under the circumstances and that the machine was set under his direction. In the second case, under somewhat different circumstances though similar to the first case as regards the location of the engine and the direction of the wind, to this case, in that an appliance for lessening the danger from flying sparks was not properly used, it was held that the question of contributory negligence was for the jury.

Here, as seen, the danger was not as in *Martin v. Bishop, supra,* the ordinary hazard of using a threshing-machine engine near highly combustible matter with the wind blowing toward the latter from the former. The risk was special in that there was the extra hazard caused by a defective spark-arrester, which was known to appellant but not known to respondent. It is not clear that there would have been any hazard likely to deter an ordinarily careful man from proceeding with the work, as was done, had it not been for such defective appliance. The special element of danger was one not liable to attract the attention of a person circumstanced as respondent was, unless he observed the engine operating in the nighttime. Such element produced the mischief. On

the whole it seems quite clear that the court did not err in sending the question of contributory negligence to the jury.

The only other error assigned is that the court refused to give to the jury an instruction duly presented in respect to the burden of proof being on the plaintiff to establish the affirmative of the first, second, and third questions, and the amount of damages in answer to the fifth question. As no point is made now, nor could well be made, but that the answers given to such questions were required by the evidence, it is manifest that there was no prejudicial error committed in refusing the instruction. Harmless errors however numerous they may be do not furnish any legitimate basis for a reversal. Such is the uniform rule of the court and the statute. Sec. 2829, Stats. (1898).

*By the Court.*—The judgment is affirmed.

CASSODAY, C. J., took no part.